NO. 07-02-0048-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 8, 2002



______________________________




RAYNALDO MEDELLIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,283-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Raynaldo Medellin appeals from his conviction for delivery of a controlled
substance. We dismiss for want of jurisdiction. 

 Appellant has filed a "Notice of Appeal and Request for Court's Permission to
Appeal" from his judgment of conviction dated December 10, 2001, in Cause No. 44,283-B
in the 181st District Court of Potter County for delivery of a controlled substance. Neither
a clerk's record nor a reporter's record has been filed in connection with the appeal. 


 In his notice of appeal, appellant asserts that his conviction was pursuant to a plea
bargain and that the punishment assessed by the trial court was in accordance with the
plea bargain. Appellant does not allege that (1) his appeal is based on a jurisdictional
defect, (2) the substance of the appeal was raised by written motion ruled on before trial
or (3) the trial court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). He
asserts only that he is "requesting that the [trial] court grant permission to Defendant to
pursue his appeal." 

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
Courts will address the question of jurisdiction sua sponte; for, unless a court has
jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2. 

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See 
State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). To perfect appeal from a
judgment which was rendered on the defendant's plea of guilty or nolo contendere under
Code of Criminal Procedure article 1.15, and in which the punishment assessed did not
exceed the punishment recommended by the prosecutor and agreed to by the defendant,
the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b)
specify that the substance of the appeal was raised by written motion and ruled on before
trial; or (c) state that the trial court granted permission to appeal. See Tex. R. App. P.
25.2(b)(3); (1) White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). Dismissal of an
issue or the entire matter is appropriate unless the form of the notice of appeal is proper
to perfect appeal as to the issue or matter. Id. 

 Appellant's Notice of Appeal does not contain any of the three allegations
necessary to invoke our appellate jurisdiction over an appeal from his conviction. See
TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction has not been
invoked and we dismiss the appeal for want of jurisdiction. 


 Per Curiam

Publish.

1. A rule of appellate procedure will be referred to as "TRAP_" hereafter.


(1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).